# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3971 | **DATE** | 1/13/2004 |
| **CASE TITLE** | RESOURCE TECHNOLOGY vs. MOSTARDI-PLATT ASSOCIATES | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the decision of the bankruptcy court is affirmed, terminating the case. This is a final and appealable order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | JAN 1 4 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 11 |
| ✓ | Mail AO 450 form. | | 15 docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TBK courtroom deputy's initials | | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re:<br>RESOURCE TECHNOLOGY<br>CORPORATION,<br><br>        Debtor.<br><br>RESOURCE TECHNOLOGY<br>CORPORATION,<br><br>        Plaintiff-Appellee,<br><br>    v.<br><br>MOSTARDI-PLATT ASSOCIATES,<br>INC.,<br><br>        Defendant-Appellant. | No. 03 C 3971<br><br>Wayne R. Andersen<br>District Judge |

JAN 1 2 2004

## MEMORANDUM, OPINION AND ORDER

This case is before the court on defendant-appellant Mostardi-Platt Associates, Inc.'s appeal from a decision rendered by the United States Bankruptcy Court of the Northern District of Illinois. For the following reasons, the decision of the bankruptcy court is affirmed.

## BACKGROUND

Resource Technology Corporation ("RTC") is in the business of extracting methane gas from landfills. After extracting the gas from the landfills, RTC either burns off, or "flares," the gas it collects or, in some instances, uses the gas to power engines located at the landfills from which energy is generated and sold. RTC does not own the landfills. Rather, it contracts with landfill owners to extract the gas.

RTC entered into certain contracts with Mostardi-Platt Associates, Inc. ("MPA") and engaged MPA to provide specific services with respect to a number of landfill sites in Illinois where RTC had contracts. RTC contracted with MPA: (1) to prepare applications for permits, which were required by the Illinois Environmental Protection Agency ("IEPA"), for continued operation of the landfills; (2) to prepare construction permits required by the IEPA to place or move engines at the landfills; and (3) to assist RTC in monitoring its ongoing compliance and reporting requirements for the permits it received.

On November 15, 1999, an involuntary bankruptcy petition was filed against RTC pursuant to Chapter 7 of the Bankruptcy Code. On February 1, 2000, RTC consented to an order converting the case to one under Chapter 11 of the Bankruptcy Code. RTC is in possession of its assets and operates its business as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

MPA is a claimant in RTC's bankruptcy. MPA filed a proof of claim in RTC's bankruptcy proceeding based on certain purported mechanics liens, which were recorded against various landfill sites in Illinois. MPA's liens represent charges for work it performed for RTC relative to RTC's operations at the landfills. Although RTC is not the owner of the landfills, in order to fulfill its contracts with the landfill owners, RTC is required to cure or otherwise remedy any and all defaults, including the liens asserted by MPA.

On May 6, 2002, RTC filed an adversary proceeding for declaratory and injunctive relief seeking, among other things, a declaration that MPA does not have a right to assert any mechanics liens for work it performed in connection with RTC's operations at the landfills. This matter was tried in a bench trial before the Honorable Eugene R. Wedoff. The bankruptcy court

determined that RTC had not paid MPA for certain services and that RTC owed MPA $172,447.87. However, the bankruptcy court further found that the services performed by MPA did not qualify for any mechanics liens under the Illinois Mechanics Lien Act (the "Act"). Thus, the bankruptcy court concluded that MPA's claim, although it is valid, was a general unsecured claim and entered judgment in favor of RTC on all counts.

MPA filed a motion to reconsider or, in the alternative, to amend the judgment, arguing that: (1) the bankruptcy court lacked subject matter jurisdiction to determine the validity of the mechanics liens; and (2) RTC failed to join the owners of the landfills as necessary parties in its adversary proceeding. The bankruptcy court denied the motion. MPA now appeals the bankruptcy court's decision, alleging that the court erred in entering judgment in favor of RTC and in denying MPA's motion to reconsider.

## DISCUSSION

### I. Standard of Review

This Court has jurisdiction over MPA's appeal pursuant to 28 U.S.C. § 158(a)(1), which vests a district court with jurisdiction over appeals from "final judgments, orders and decrees" of the bankruptcy court. Acting as an appellate court, we are bound to accept the bankruptcy court's findings of fact, unless they are clearly erroneous, and may only consider evidence presented before the bankruptcy court and made part of the record. *In re Home Comp. Care, Inc.*, 221 B.R. 202, 205 (N.D. Ill.1998) (citing *In re Lefkas Gen. Partners*, 112 F.3d 896, 900 (7th Cir.1997)); *In the Matter of Neis*, 723 F.2d 584, 588-89 (7th Cir.1983) (citing Fed. R. Bankr. P. 8013). However, we review any questions of law *de novo*. *In the Matter of UNR Indus., Inc.*, 986 F.2d 207, 208 (7th Cir.1993).

## II. The Bankruptcy Court Did Not Err in Holding that the Permitting Services Performed by MPA Did Not Qualify for a Mechanics Lien

The Illinois Mechanics Lien Act enumerates certain contracts and services which qualify for a mechanics lien, and the bankruptcy court correctly began its analysis with the controlling provision of the Act, which provides in relevant part:

> Any person who shall by any contract or contracts ... with the owner of a lot or tract of land, or with one whom the owner has authorized or knowingly permitted to contract, to improve the lot or tract of land or to manage a structure thereon, or to furnish material, fixtures, apparatus or machinery, forms or form work used in the process of construction where cement, concrete or like material is used for the purpose of or in the building, altering, repairing or ornamenting any house or other building, walk or sidewalk, whether the walk or sidewalk is on the land or bordering thereon, driveway fence or improvement or appurtenances to the lot or tract of land or connected therewith, and upon, over or under a sidewalk, street or alley adjoining; or fill, sod or excavate such lot or tract of land, or do landscape work thereon or therefor; or raise or lower any house thereon or remove any house or structure therefrom, or perform any services or incur any expense as an architect, structural engineer, professional engineer, land surveyor or property manager in, for or on a lot or tract of land for any such purpose ... is known under this Act as a contractor, and has a lien on the whole of such lot or tract of land....

770 ILCS § 60/1. Reviewing this statutory provision, the bankruptcy court concluded that MPA's purported mechanics liens should be analyzed in the context of two provisions of section 60/1 of the Act: (1) whether the services MPA provided were based on a contract to improve a lot or tract of land; or (2) whether its services qualified as services of a professional engineer. MPA does not appear to dispute this threshold finding. We agree with the bankruptcy court's application of section 60/1 of the Illinois Mechanics Lien Act.

The bankruptcy court concluded that the permitting services performed by MPA did not constitute an improvement to the land. MPA argues that the bankruptcy court's conclusion was erroneous. We disagree with MPA.

4

In determining whether a mechanics lien should be granted, the proper focus of the inquiry is "whether the work performed has enhanced the value of the land to be charged with lien." *Cleveland Wrecking Co. v. Central Nat'l Bank*, 576 N.E.2d 1055, 1060 (Ill. App. Ct. 1991). The bankruptcy court acknowledged that the permits MPA prepared for RTC "were necessary for the operation of RTC's gas-to-energy collection system." However, just because the services performed by MPA may have been necessary and enabled RTC to continue its gas removal operations does not necessarily mean that MPA's services actually constituted an improvement to the land. Indeed, MPA concedes that it did not do any design work for any physical structures on the landfills, and the record shows that the work performed by MPA was limited to preparing permit applications, tracking those permits and modifying previously submitted permits.

In *L.J. Keefe Co., Inc. v. Chicago & Northwestern Transportation Co.*, 678 N.E.2d 41 (Ill. App. Ct. 1997), the Illinois Appellate Court rejected a claim similar to the one asserted by MPA. In that case, a land owner granted a license to Commonwealth Edison to construct and install electric transmission facilities along the railroad, and the claimant was a subcontractor who was retained to perform tunneling work and to install steel casing and pipe grouting that was necessary for ComEd to perform its work. *Id.* at 42. When the subcontractor was not paid for its services, it filed a mechanics lien. The Appellate Court concluded that the lien was not valid because the services provided were for the benefit of the contractor ComEd and not for the benefit of the land. *Id.*

Similarly, in this case, the evidence shows that the services provided by MPA certainly benefitted RTC, but MPA's services did not directly benefit or improve the land. MPA simply

5

prepared the applications which enabled RTC to remove the methane gas from the landfills. In concluding that MPA's services did not improve the landfills, the bankruptcy court properly found that MPA's services were not lienable under the Illinois Mechanics Lien Act.

MPA attacks the bankruptcy court's finding on another basis, arguing that the court erred in holding that the removal of methane gas from the landfills is maintenance of, and not improvement to, the properties. Again, we disagree with MPA.

In *Watson v. Watson*, 578 N.E.2d 275 (Ill. App. Ct. 1991), the Illinois Appellate Court rejected an argument that the payment of loan installments on the property and real estate taxes improved the land. *Id.* at 277-78. The state court acknowledged that the payment of taxes eliminates the obligation to pay interest charges and penalties, but those payments "in no way increase[d] the value of the real estate – it merely preserve[d] its value." The Appellate Court further concluded that "[m]ere preservation and maintenance of value does not reach the level of enhancement required by the Act, and therefore does not support the imposition of a lien." *Id.*

In following the reasoning of the Illinois Appellate Court, the bankruptcy court concluded that simply removing gas from the landfills is not an improvement to the land. Specifically, the bankruptcy court stated: "This is not a situation where the land has some identified problem that can be permanently removed. To the contrary, this is a situation where the removal of gas is an ongoing maintenance problem." Thus, because the removal of gas from the landfills is an ongoing problem, those services provided by RTC simply maintain or preserve the landfills and do not improve them. Thus, the bankruptcy court's finding that MPA does not qualify for a mechanics lien is correct.

MPA also argues that the bankruptcy erred in concluding that MPA did not provide qualifying services of a professional engineer so that MPA would be entitled to a mechanics lien. Again, we disagree with MPA.

The bankruptcy court articulated the statutory framework for analyzing the lienability of its services as follows: MPA as a professional engineer would have to show that its engineering services were provided for the purpose of improving the landfills. Ultimately, the bankruptcy court concluded that MPA's "mere status" as a professional engineer in supplying services RTC did not automatically entitle MPA to a lien. Rather, the bankruptcy court determined that proper inquiry is whether those professional engineering services enhanced or resulted in any improvement to the landfills. In concluding that MPA's services did not improve the land, the bankruptcy court properly disallowed MPA's claim for a mechanics lien. Because we agree with the bankruptcy court's findings that MPA's services do not qualify for any mechanics liens, the remaining arguments raised by the parties are moot.

### III. The Bankruptcy Court Did Not Err in Denying MPA's Motion to Reconsider

In its post-trial motion, MPA argued for the first time that the bankruptcy court lacked jurisdiction to determine the validity of its liens because RTC failed to join all necessary parties in the adversary proceeding. We disagree.

As a threshold matter, this adversary proceeding is a "core proceeding" over which the bankruptcy court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O) because this proceeding involved property of the bankrupt estate. MPA challenges the

7

bankruptcy court's jurisdiction by arguing that jurisdiction was not proper because RTC failed to join the owners of the landfills as necessary parties to the adversary proceeding.

The Illinois Mechanics Lien Act expressly provides that an owner, contractor and any subcontractors are necessary parties with respect to the enforcement of a mechanics lien. 770 ILCS 60/28. However, this matter does not involve the enforcement of a mechanics lien; rather, it only concerns the validity of MPA's liens. Thus, we affirm the bankruptcy court's decision denying the motion for reconsideration.

## CONCLUSION

For the foregoing reasons, the decision of the bankruptcy court is affirmed, terminating the case. This is a final and appealable order.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: /-13-04